[Department Two.—July 26, 1883.]

## E. LYON et al., Appellants, *v.* C. C. CROSBY et al., Respondents.

Involuntary Insolvency—Adjudication—Notice to Creditors.—The court may adjudge a party insolvent in an involuntary proceeding upon the return day of the order to show cause why he should not be adjudged insolvent, without waiting for a meeting of creditors.

Appeal from the District Court of the Sixth Judicial District, county of Sacramento.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* and *D. E. Alexander,* for Appellants.

The court erred in admitting evidence of the record of the insolvency proceedings against Bryant, because there was no proof that notice to creditors had been given. (*McDonald* v. *Katz,* 31 Cal. 168; *Laugenour* v. *French,* 34 Cal. 92; *Hernandez* v. *His Creditors,* 57 Cal. 333.)

The court had no jurisdiction to make any order in reference to Bryant's property until after the filing of the schedule and statements required by law. (§ 4 of Act of 1876; §§ 1–5, Act of 1852.)

No guilty collusion is shown between Bryant and the appellants.

*Hale & Craig,* and *J. M. Fulweiler,* for Respondents.

The California cases cited by the appellant were decided under the old law, and relate to voluntary proceedings only. In involuntary proceedings the court acquires jurisdiction upon the filing of a petition, order to show cause, and notice thereof duly served upon the insolvent.

There was evidence sufficient to show that Bryant suffered and procured his property to be attached.

The judgment obtained was fraudulent, and cannot be enforced.

Myrick, J.—Upon receiving the petition of three creditors of Bryant, the debtor, the court made an order that Bryant

show cause why he should not be adjudged an insolvent debtor, and a surrender of his estate be made for the benefit of his creditors. On the return day of the order, Bryant appeared in person and with counsel, and after hearing statements and admissions made by him and his counsel, the court adjudged him an insolvent debtor, and ordered that all proceedings against him and his property be stayed. The court also appointed a receiver of his property, and ordered notice to be given to creditors by publication. At this point in the history of the case, the sheriff, Crosby, who had previously attached goods of Bryant for a debt due the plaintiffs, and had advertised a sale under execution, turned the property over to the receiver. This action is brought to recover of the sheriff and his bondsmen the value of the property so turned over.

We are of opinion that the court had jurisdiction to adjudge Bryant an insolvent, in an involuntary proceeding, without waiting for the meeting of creditors.

We think the evidence sustains the findings of the court as to the fraudulent procurement of the attachment and obtaining the judgment, as against the insolvent law.

We see no error in the record.

Judgment and order affirmed.

Sharpstein, J., and Thornton, J., concurred.